# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JMK PROPERTIES, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>MIKE D. HEATHERLY II,<br><br>        Defendant. | Case No.: 3:25-cv-01961-RBM-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO REMAND [Doc. 2];**<br><br>**(2) GRANTING EX PARTE MOTION [Doc. 3]**<br><br>**(3) REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**[Doc. 2–3]** |

  On July 31, 2025, Defendant Mike D. Heatherly II, proceeding *pro se*, filed a Notice of Removal ("Notice of Removal") removing a state court unlawful detainer action, Case No. 25UD030981C, from the Superior Court of California, County of San Diego, Central Division ("San Diego Superior Court") to this court. (Doc. 1.)  On August 13, 2025, Defendant JMK Properties ("JMK") filed a Motion to Remand (Doc. 2) with an Ex Parte Application for an Order Shortening Time on Motion to Remand ("Ex Parte") (Doc. 3).

JMK requests an order shortening time on its Motion to Remand. (*Id.* at 1.[1]) Defendant has not opposed the Ex Parte and has responded to the Motion to Remand. (Doc. 5.)

For the reasons discussed below, the Court **GRANTS** JMK's Ex Parte, **GRANTS** JMK's Motion to Remand, and **REMANDS** this action to San Diego Superior Court.

## I.     BACKGROUND

JMK initiated the state court unlawful detainer action against Defendant on June 13, 2025 after service of a Three-Day Notice to Quit as to the premises at 1188 Waxwing Drive, Vista, California. (Doc. 1-2 at 2–16.) The state court Complaint indicates that Defendant, the former owner of the property, has continued to occupy the premises despite JMK's purchase of the property at a trustee's sale following foreclosure and the Three-Day Notice to Quit being served on May 29, 2025. (*Id.* at 10–11.)

Defendant's Notice of Removal cites 28 U.S.C. § 1331 as a basis for jurisdiction and asserts "that original jurisdiction is founded on a claim or right arising under a law of the United States." (Doc. 1 at 2.) However, no federal question is identified. On August 13, 2025, Defendant filed a document titled "Notice of No Ability to Sustain a Persona Standi in Judico" that seems to be an attempt to address jurisdiction in some respect by reference to the "Trading With The Enemy Act." (Doc. 4.) However, Defendant does not identify any valid basis for federal question jurisdiction over an unlawful detainer action in the filing. (*Id.*)

## II.     LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[F]ederal jurisdiction 'must be rejected if there is

---

[1] The Court cites the CM/ECF electronic pagination unless otherwise noted.

any doubt as to the right of removal in the first instance.'" *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

### III.  DISCUSSION

JMK argues that its "cause of action against Defendant[] arise[s] solely under state law, namely the unlawful detainer statutes as set forth in California Code of Civil Procedure § 1161a et seq," and "Defendant's removal based on a federal question fails." (Doc. 2-1 at 3–4). Additionally, JMK asserts that there is no diversity jurisdiction because the amount in controversy is less than $75,000. (*Id.* at 3.) Defendant seems to agree with JMK's assertions in the Motion to Remand. (*See* Doc. 5.) On August 21, 2025, Defendant filed a document titled "Non-Negotiable Notice of Acceptance" that quotes the entirety of JMK's Motion to Remand and then states "I indicate my acceptance of your offers by my signature and date. I do not argue the facts, jurisdiction, law, or venue." (Doc. 5 at 3.)

Regardless of Defendant's acceptance or lack of opposition to JMK's Motion to Remand, the Court concludes subject matter jurisdiction is lacking and this case must be remanded. The Court first notes that to the extent Defendant is asserting the Court has subject matter jurisdiction based on diversity, the Court disagrees. Even if the parties were diverse, the amount in controversy is less than $75,000. Diversity jurisdiction requires "the matter in controversy exceed[] the sum or value of $75,000." 28 U.S.C. § 1332.

The Court also lacks federal question jurisdiction. Under § 1331, the provision Defendant appears to rely on, district courts have original jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)).

Here, the Court finds there is no federal question jurisdiction because the state court action is an unlawful detainer proceeding pursuant to California law. *See Aurora Loan*

*Servs., LLC v. Montoya*, No. 2:11-cv-2485-MCE-KJN-PS, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011) ("Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint."). The Complaint presents only a state law claim that does not involve any federal law. In the absence of jurisdiction based on diversity or federal question, the Court concludes that it lacks subject matter jurisdiction.

JMK's Ex Parte request that the Court consider its Motion to Remand on a shortened basis (Doc. 3) is **GRANTED**. Defendant did not oppose the Ex Parte and Defendant has had an opportunity to respond to the Motion to Remand. (Doc. 5.)

## IV.  CONCLUSION

For the foregoing reasons, the Court lacks subject matter jurisdiction over this action. JMK's Ex Parte (Doc. 3) and Motion to Remand (Doc. 2) are **GRANTED**. This action is **REMANDED** to San Diego Superior Court.

**IT IS SO ORDERED**.

Dated:  September 12, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE